UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENJAMIN SQUIRES,

                Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. CLAUDIO RAMIREZ, SHIELD # 3804, Individually and in his Official Capacity, P.O. KARANLALL BRIJBUKHAN, SHIELD # 31707, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 0 8 2008 ★

BROOKLYN OFFICE

**COMPLAINT**

**CV 08-4918**

**JURY TRIAL DEMANDED**

ECF CASE

TRAGER, J.

GOLD, M.J.

Plaintiff BENJAMIN SQUIRES, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff BENJAMIN SQUIRES is an African-American male and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants SGT. CLAUDIO RAMIREZ, P.O. KARANLALL BRIJBUKHAN, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about December 12, 2007, at approximately 12:00 p.m., plaintiff BENJAMIN SQUIRES was lawfully present at or around the vicinity of Chestnut Street and Belmont Avenue, in the County of Kings, State of New York.

14. At the aforesaid time and place plaintiff was walking home from work with, Shon Mack, his brother in law.

15. Suddenly, defendants, who were plain clothes, yelled over to plaintiff, "YO STOP" and aggressively approached plaintiff.

16. Upon realizing that defendants were police officers, plaintiff immediately stopped and put his hands in the air.

17. Defendants immediately started patting plaintiff and his companion down and rifled through their pockets.

18. Thereafter, defendants commanded plaintiff to stick out his tongue.

19. Plaintiff, befuddled by defendants' command, asked defendants why he was being stopped and why they needed him to stick out his tongue, to which one of the defendant officers responded, "IF YOU DON'T STOP COMPLAINING I AM GOING TO PUT YOU THROUGH THE SYSTEM."

20. Defendants then placed plaintiff in handcuffs and stated in sum and substance, "YOU ARE NOT ARRESTED YET, BUT IF YOU KEEP RESISTING I WILL ARREST YOU."

21. Plaintiff had merely asked defendants why he was being stopped and had not resisted arrest in anyway.

22. Defendants then proceeded to unbuckle and lower plaintiff's pants and underwear down below his knees and began strip searching him in the middle of the public street, in plain view of pedestrians and onlookers.

23. Plaintiff repeatedly pleaded with the defendants to pull his pants up because he was embarrassed to have intimate parts of his body exposed to the public, to which defendants responded, "SHUT THE FUCK UP AND STOP RESISTING."

24. Defendants finally pulled plaintiff's pants up, but then loosened his boots, and commanded him to step out of his boots and required him to remain standing on the cold and damp pavement in his socks.

25. Defendants did not find illegal drugs or any other contraband on plaintiff's person or in his custody or control.

26. Defendants detained plaintiff at the scene, in handcuffs, with his pants down in view of the general public for approximately thirty (30) minutes.

27.  Defendants then stated in sum and substance, "I TOLD YOU TO COOPERATE, BUT NOW YOUR GOING TO RIDE WITH US FOR A WHILE. I AM ARRESTING YOU FOR DISORDERLY CONDUCT."

28.  Defendants placed plaintiff, still handcuffed, in a police van and drove around with him for approximately eight (8) hours before bringing him to the police precinct.

29.  As a result of his unlawful arrest, plaintiff BENJAMIN SQUIRES spent approximately thirty five (35) hours in police custody.

30.  As a result of his unlawful arrest, plaintiff BENJAMIN SQUIRES was charged with Disorderly Conduct.

31.  Plaintiff did not act in a disorderly manner, nor was he in violation of any law at the time of his arrest.

32.  In connection with his arrest, defendants filled out false, misleading police reports and forwarded them to prosecutors at the District Attorney's Office.

33.  Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

34.  As a result of his unlawful arrest, plaintiff BENJAMIN SQUIRES missed approximately two (2) days of work.

35.  As a result of his unlawful arrest, plaintiff BENJAMIN SQUIRES made one court appearance in connection with charges related to his false arrest.

36.  On or about June 12, 2008, the action against plaintiff, BENJAMIN SQUIRES, was dismissed.

37. As a result of the foregoing, plaintiff BENJAMIN SQUIRES sustained, *inter alia*, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff BENJAMIN SQUIRES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued legal process to place plaintiff BENJAMIN SQUIRES under arrest.

49. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. Defendants acted with intent to do harm to plaintiff BENJAMIN SQUIRES, without excuse or justification.

51. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

54. As a result of the foregoing, plaintiff BENJAMIN SQUIRES sustained, *inter alia*, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) arresting individuals regardless of probable cause, and b) utilizing excessive force in executing said arrests, and c) falsifying evidence to cover up police misconduct.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff BENJAMIN SQUIRES was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers,

and were directly responsible for the violation of plaintiff BENJAMIN SQUIRES's constitutional rights.

64. The acts complained of deprived plaintiff of their rights:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. To be free from malicious abuse of process;

D. Not to have excessive force imposed upon them;

E. To be free from unlawful search;

F. Not to have summary punishment imposed upon them; and

G. To receive equal protection under the law.

### SIXTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

67. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff BENJAMIN SQUIRES demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       December 1, 2008

BY: _____
GERALD M. COHEN (GC-0479)
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115